```
                UNITED STATES DISTRICT COURT             FILED
                NORTHERN DISTRICT OF ALABAMA          00 APR 25 AM 8:06
                    NORTHEASTERN DIVISION
                                                      U.S. DISTRICT COURT
                                                       N.D. OF ALABAMA
ERNEST RANDY JUDD,                )
                                  )
     Petitioner,                  )
                                  )
vs.                               ) Civil Action No. CV-97-S-2735-NE
                                  )
JOE HOPPER, Commissioner          )
of the Alabama Department         )      ENTERED
of Corrections, ARNOLD HOLT,      )
Warden of Bullock County          )      APR 25 2000
Correctional Facility, and        )
BILL PRYOR, Attorney General      )
for the State of Alabama,         )
                                  )
     Respondents.                 )
```

## MEMORANDUM OPINION

This action is before the court on the parties' responses to an order entered on February 11, 2000 (Doc. No. 22), directing petitioner and respondents to address whether petitioner could make a sufficient showing of cause and prejudice to warrant relief from the doctrine of procedural default.

### I. INTRODUCTION — PROCEDURAL DEFAULT

As an initial matter, petitioner attacks this court's references to Alabama Rule of Appellate Procedure 10(d) in the memorandum opinion entered on February 11, 2000 (Doc. No. 21),[1]

---

[1] See Petitioner's memorandum regarding procedural default and cause and prejudice (Doc. No. 26), at 2-4. This court was led to a citation of Rule 10(d) by two factors. First, this court observed that the Alabama Supreme Court had essentially adopted the State of Alabama's arguments in dismissing Judd's appeal, including the State's contention in brief that Judd failed to properly supplement the record on appeal through use of Alabama Rules of Appellate Procedure 10(d), (e), and (g). See Doc. No. 21, at 9 n.19. Second, in analyzing the authorities



because the committee comments to that rule state that "[t]he <u>general rule</u> is that there will be no designation of the record in criminal appeals." Ala. R. App. P. 10(d) (committee comments) (emphasis supplied).[2] *See also Schilling v. City of Trussville*, 715 So. 2d 238, 240 (Ala. Crim. App. 1998) ("The State also argues that the appellant was not denied due process of law because a substitute to a trial transcript was available through the application of Rule 10(d), Ala.R.App.P. However, Rule 10(d) is not applicable to criminal cases."); *Fair v. City of Birmingham*, 586 So. 2d 257, 258 (Ala. Crim. App. 1991) ("There is no designation of the record because of the nature of a criminal prosecution.").

This court notes first, and most importantly, that the Alabama Supreme Court disposed of Judd's claims for the following reasons:

> <u>Judd failed to preserve for the record the proceedings on the motion to close the courtroom, the considerations that led to closure of the courtroom, who was cleared from the courtroom, or whether the courtroom remained closed after the victim's testimony</u>. The burden is on the appellant to bring the record before an appellate court. *Montgomery v. State*, 504 So. 2d 370,

---

cited by the Alabama Supreme Court to support its rationale, this court backtracked from *Montgomery* to *Welch*, *see infra* page 3, and finally to *White v. State*, 403 So. 2d 287 (Ala. Crim. App. 1980), where the Alabama Court of Criminal Appeals dismissed appellant's claims because his counsel "did not attempt to create a record of the proceedings under Rule 10(d) A.R.A.P. providing for a statement of the evidence or proceedings when no report was made or when the transcript is unavailable." *Id.* at 288.

[2] The committee comments further indicate that Rule 10(d) was enacted to replace "the prior procedure which operates in courts where there is no court reporter, such as the Probate Court."

> 372 (Ala. Crim. App. 1987). Because Judd failed to have the relevant facts and proceedings included in the record, we cannot consider whether Judd's constitutional rights were violated when the courtroom was closed in his case.

*Ex parte Judd*, 694 So. 2d 1294, 1297 (Ala. 1997) (emphasis supplied). The Alabama Supreme Court neither mentioned, nor cited as authority for its holding, Alabama Rule of Appellate Procedure 10(d). Rather, the Court cited only *Montgomery v. State*, 504 So. 2d 370 (Ala. Crim. App. 1987), which held that it is the appellant's responsibility to provide a complete record on appeal. *See id.* at 372. The *Montgomery* case did not rely upon Rule 10(d) either, but instead cited *Welch v. State*, 455 So. 2d 299 (Ala. Crim. App. 1984), which held not only that an appellant "'bears the burden of bringing the record before an appellate court,'" but also that "'[h]e and his counsel have the duty of checking the record before submitting the appeal.'" *Id.* at 300 (quoting *Harris v. State*, 420 So. 2d 812, 816 (Ala. Crim. App. 1982)).

Indeed, wholly distinct from the issue of the applicability of Appellate Rule 10(d) to criminal appeals, it is well-established under Alabama law that the appellant is responsible for providing an appellate court with a complete and pertinent record. *See Harris*, 420 So. 2d at 816 (collecting authorities, and noting that

"[t]his court is bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record"). Here, appellant's decision to stand on a general objection to the trial court's decision to close the courtroom[3] — rather than attempting to supply for the record a detailed account of the circumstances surrounding and considerations (or lack thereof) leading the trial court to grant the district attorney's motion for closure[4] — proved fatal to his appeal. *Ex parte Judd*, 694 So. 2d at 1297; *see also P.M.M. v. State*, 1999 WL 1267793, at *1 (Ala. Crim. App. Dec. 30, 1999) (citing Alabama Supreme Court's decision in *Ex parte Judd*, and noting that the appellant in *P.M.M.*, unlike the appellant in *Judd*, provided the court with an adequate and pertinent record, since "the proceedings on the motion to close the courtroom and the trial court's reasoning that the nature of the case and the ages of the children required the closure of the courtroom were ... contained in the record on appeal").

In summary, the procedural ground of decision stated by the Alabama Supreme Court in *Ex parte Judd* was both independent of

---

[3] That general objection is stated in this court's prior memorandum opinion at page 4, and can be found in the transcript of trial proceedings in state court at pages 61-62.

[4] *See Waller v. Georgia*, 467 U.S. 39, 48, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31 (1984); *Globe Newspaper Company v. Superior Court of Norfolk*, 457 U.S. 596, 607-09, 102 S.Ct. 2613, 2620-21, 73 L.Ed.2d 248 (1982).

Alabama Rule of Appellate Procedure 10(d), and, adequate under the Eleventh Circuit's decision in *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990).

In addition, respondents challenge petitioner's claim that Appellate Rule 10(d) has absolutely no field of application in criminal cases. They refer the court to a list of criminal appeals in which Rule 10(d) <u>was</u> employed by the courts of Alabama, and they argue on the basis of such decisions that a proper construction of the rule is as follows: while it does <u>not</u> apply when there is "<u>no</u> record or transcript at all," Rule 10(d) <u>does</u> apply, and may be utilized in criminal appeals, when "only a small portion [of the trial court proceedings is] missing from the record which requires supplementation."[5]  See *S.D.J. v. State*, 641 So. 2d 1267, 1268 (Ala. Crim. App. 1993) ("Our review of the transcript of that officer's testimony, together with the statement of proceedings under Rule 10(d), A.R.App.P., shows that the evidence supports the juvenile court adjudication of delinquency."); *Edwards v. State*, 628 So. 2d 1021, 1023 (Ala. Crim. App. 1993) (referencing the "possibility of obtaining a transcript pursuant to Rule 10(d) and (e), A.R.App.P."); see also *Littrell v. State*, 699 So. 2d 962, 962

---

[5] Respondents' memorandum regarding procedural default (Doc. No. 29), at 8 n.2 (emphasis in original).

(Ala. Crim. App. 1997) ("The appellant's case was presented *ore tenus* and there is no transcript; however, the record does contain the district court's statement of the evidence, made pursuant to Rule 10(d), Ala.R.App.P.").

Without attempting to resolve this apparent conflict in state authorities, the court notes that the facts of this case align more closely with certain authorities cited by respondents, because virtually every aspect of Judd's trial court proceedings was transcribed by a court reporter; only an interstitial gap was not. Accordingly, it seems that Rule 10(d) should have been implicated to fill that space in the record submitted to the appellate courts. *Compare Ex parte Steen*, 431 So. 2d 1385, 1390 (Ala. 1983) ("[Appellants'] allegations and contentions regarding prejudicial and reversible error that occurred during the trials involve almost every portion of the testimony and voir dire examination of the juries prior to their selection, making it necessary to establish the entire transcript from memory. Under these circumstances, we do not consider that preparation of succinct statements [through Rules 10(d) and 10(e)] in lieu of transcripts would afford the Steens a viable remedy on appeal.").[6]

---

[6] Additionally, respondents have continually noted that petitioner could have supplemented the record on appeal through Alabama Rule of Appellate Procedure 10(g), which applies specifically to criminal cases. *See* Ala. R. App.

As stated earlier, the point to take away from this introductory discussion is that an appellant is charged with the duty of providing an adequate record relating to all potential grounds of error allegedly committed by a trial court. The Alabama Supreme Court held that Judd failed to satisfy his burden of providing certain crucial details associated with the claim that he was denied the right to a public trial in violation of the Alabama and United States Constitutions. Because that holding, grounded in state procedural law, is independent and adequate, the doctrine of procedural default applies.

## II.   DISCUSSION — CAUSE AND PREJUDICE

Judd, therefore, must show adequate "cause" for his failure to preserve an adequate record, along with "prejudice attributable thereto" in order to avoid application of the doctrine of procedural default.[8] In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct.

---

P. 10(g) ("[I]f any question arises as to whether the record correctly reflects what occurred in the trial court ..., the appellant may, within 14 days (2 weeks) after the date shown on the copy of the certificate of completion of the record on appeal, file a motion with the clerk of the trial court to supplement or correct the record on appeal ....").

[8] A second avenue of escape from the doctrine of procedural default is the demonstration by a petitioner of a "fundamental miscarriage of justice." That standard only applies, however, in cases where a petitioner is claiming actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-27, 115 S.Ct. 851, 865-67, 130 L.Ed.2d 808 (1995); *Bailey v. Nagle*, 172 F.3d 1299, 1306 (11th Cir. 1999); *Alderman v. Zant*, 22 F.3d 1541, 1552 (11th Cir. 1994) (citing *Johnson v. Singletary*, 938 F.2d 1166, 1183 (11th Cir. 1991) (*en banc*)). Judd does not make such a claim. Accordingly, his lone basis for excusing his default lies in a demonstration of cause and prejudice.

7

2639, 91 L.Ed.2d 397 (1986), the Supreme Court articulated the requirements for establishing proper cause for a procedural default. The Court later summarized the *Murray* analysis in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991):

> We explained clearly [in *Murray*] that "cause" under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." 477 U.S., at 488, 106 S.Ct., at 2645. For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials' ... made compliance impracticable, would constitute cause under this standard." *Ibid*. See also *id*., at 492, 106 S.Ct., at 2647-2648 ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising a claim").

*Id.* at 753, 111 S.Ct. at 2566. *See also Alderman v. Zant*, 22 F.3d 1541, 1551 (11th Cir. 1994) (noting that state misconduct may constitute grounds for cause, and that "[f]or cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim"); *Richardson v. Thigpen*, 883 F.2d 895, 898 (11th Cir. 1989) ("[Petitioner] argues that the state misapplied its own procedural default rules; this

8

does not constitute cause ...."").

Federal courts should only assess whether a petitioner can show prejudice if proper cause has already been established. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43, 102 S.Ct. 1558, 1575 n.43, 71 L.Ed.2d 783 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice."). *But see* Erwin Chemerinsky, *Federal Jurisdiction* § 15.5.2, at 895 (3d ed. 1999) (concluding that "in practice these [cause and prejudice] elements are often less distinct"). In *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the Supreme Court noted that, in order to show prejudice, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Id.* at 170, 102 S.Ct. at 1596 (emphasis in original). Put another way, a petitioner establishes prejudice by demonstrating "that the alleged constitutional violation affected the outcome of the trial or the appeal — that the results probably would have been different but for the violation of federal law." Erwin Chemerinsky, *Federal Jurisdiction*

§ 15.5.2, at 895 (3d ed. 1999). The Supreme Court has further observed that the collateral nature of a federal habeas proceeding imposes "a significantly higher hurdle than would exist on direct appeal" for a petitioner seeking relief. *Frady*, 456 U.S. at 166, 102 S.Ct. at 1593 (contrasting "plain error" standard in direct review cases with "prejudice" in habeas cases).

Judd seeks to establish cause for his failure to preserve an adequate record by arguing three points. First, he contends the State erred in not putting the reasons supporting its motion to close the courtroom formally on the record. Second, he claims the trial court erred not only by failing to place the closure proceedings on the record, but also by not explaining its rationale for granting the State's motion on the record. Third, he contends the trial court shirked its responsibility of ensuring that a court reporter would be present to transcribe the proceedings related to the State's motion. In sum, Judd contends that "actions by the prosecutor and the trial judge, or more accurately, repeated failures to act by those officials, made it impossible for Judd to create the appellate record that the respondents insist should exist."[9]

---

[9] Petitioner's memorandum regarding procedural default and cause and prejudice, at 8.

Those arguments are not sufficient to establish cause, because they fail to indicate that compliance with the procedural rule requiring Judd to produce a complete and pertinent record was impracticable. Petitioner's first two claims indicate "that it was the responsibility of the prosecutor and/or trial court to preserve the issue of the temporary closure of the trial for subsequent appellate review."[10] After hearing arguments in support of the State's motion to close the courtroom, the trial court notified the parties it would grant the motion on the record. At that point, petitioner's trial counsel made a general objection to the trial court's decision, which was overruled. Petitioner has not convinced this court that he was somehow prohibited from elaborating on the basis for his objection either at the time he lodged his general objection or sometime later in the proceedings before the trial court. Accordingly, this court adopts the following argument made by respondents:

> While petitioner had no direct responsibility to ensure the State's motion was on the record ..., he certainly had every responsibility to ensure that he made appropriate, specific objections and that those were on the record and, that the discussion of the objections was on the record in a sufficient degree to allow the reviewing appellate court to have an adequate understanding of the context of the objections. See, e.g., Cano v. State, 543 So. 2d 724, 730 (Ala. Crim. App.

---

[10] Respondents' memorandum regarding procedural default, at 19.

1989); Hall v. State, 681 So. 2d 637, 640 (Ala. Crim. App. 1994); Douglas v. State, 740 So. 2d 485, 487 (Ala. Crim. App. 199[9]; Carr v. State, 640 So. 2d 1064, 1069-70 (Ala. Crim. App. 1994); Roberts v. State, 627 So. 2d 1114, 1116 (Ala. Crim. App. 1993); Harrell v. State, 555 So. 2d 257, 259 (Ala. Crim. App. 1989); Robinson v. State, 549 So. 2d 136, 138 (Ala. Crim. App. 1988).[11]

The above-cited cases once again confirm that an appellant is entrusted with the duty to provide a complete and pertinent record on appeal. Part and parcel of that responsibility is the obligation to place specific and detailed objections on the record concerning any type of alleged error. Petitioner simply has not convinced this court that it was impracticable for him to summarize, for the record, "the considerations that led to closure of the courtroom, who was cleared from the courtroom, or whether the courtroom remained closed after the victim's testimony." *Ex parte Judd*, 694 So. 2d 1294, 1297 (Ala. 1997).

Petitioner's remaining claim of cause, that the trial court shirked its responsibility of providing a court reporter to transcribe the grounds for the State's motion to close the courtroom, is also without merit. Judd cites a number of cases for the general proposition that a court reporter is required by law for a criminal trial, regardless of whether the defendant makes a specific request. *See Ex parte White*, 403 So. 2d 292, 292 (Ala.

---

[11] *Id.* at 20-21.

1981); *Schilling v. City of Trussville*, 715 So. 2d 238, 240 (Ala. Crim. App. 1998); *Fair v. City of Birmingham*, 586 So. 2d 257, 259 (Ala. Crim. App. 1991). Respondents do not dispute that a trial court is charged with such a duty. They do contest the applicability of that argument to the facts of this case, however.

> It appears that Petitioner is correct to the extent that, under state law, the trial court as a court of record is required to provide a court reporter to be available; however, that is not really the issue here. A court reporter was obviously available as the rest of the trial was reported and transcribed. A separate and distinct matter is that, after the court reporter had been made available, it is the objecting party's responsibility to utilize that available court reporter to ensure that the objection is preserved and an adequate record completed to enable a reviewing court to consider a claim of error.[12]

In light of relevant Alabama statutory and case law, respondents' counter-argument is well-taken. *See* Ala. Code § 12-17-275 ("The official court reporter shall attend in person ... the sessions of court held in the circuit for which he is appointed, and in every case, where directed by the judge <u>or requested by a party thereto</u>, he shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, and note the order in which all documentary evidence is introduced, all objections of counsel, the rulings of the court thereon and exceptions taken or

---

[12] Respondents' memorandum regarding procedural default, at 10.

13

reserved thereto.") (emphasis supplied); *Reeves v. State*, 518 So. 2d 168, 171-72 (Ala. Crim. App. 1987) (construing "argument of counsel" in Ala. Code § 12-17-275 to mean opening and closing statements of trial counsel). *See generally Ex parte Frazier*, No. 1981111, 1999 WL 1268392, at *5 (Ala. Dec. 30, 1999); *Griffin v. State*, No. CR-97-1026, 1999 WL 1128995, at *70 (Ala. Crim. App. Dec. 10, 1999); *Welch v. State*, 455 So. 2d 299, 300 (Ala. Crim. App. 1982). In sum, petitioner has failed to show that he was prevented from either requesting a court reporter at the time the State made its motion for closure or ensuring that a court reporter transcribed supplemental objections to the State's motion at a later point in his trial court proceedings.

For the foregoing reasons, this court finds that Judd has failed to establish proper cause related to his procedural default. His efforts at shifting blame to respondents and the trial court fall far short of the cause standard articulated by the Supreme Court in *Murray* and *Coleman*.

Even if this court had concluded that Judd established proper cause, he has not made the requisite showing of prejudice to avoid application of the doctrine of procedural default. The lone argument advanced by Judd on this issue is as follows:

> The Supreme Court has held that "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California*, 87 S.Ct. 824, 827-28 (1967). A violation of one of those fundamental constitutional rights, including the right to a public trial, is viewed as a "structural defect" in the trial, and a reviewing court finding that such a violation has occurred must reverse, without regard to the underlying facts of the case. ...
>
> The denial of Judd's right to a public trial "infected his entire trial with ... errors of constitutional dimensions." As a result, prejudice has been shown.[13]

Judd fails to elaborate on how the closure of the courtroom "infect[ed] his entire trial with errors of constitutional dimensions." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596. Also, petitioner fails to explain why this court should rely on *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), a case discussing standards of error in direct appeals, in a collateral proceeding such as this one, in light of the Supreme Court's observation that habeas petitioners face a "significantly higher hurdle" in obtaining relief. *Frady*, 456 U.S. at 166, 102 S.Ct. at 1593. In short, petitioner's conclusory assertion that the trial court's alleged denial of his right to a public trial necessarily infected his entire trial with constitutional errors

---

[13] Petitioner's memorandum regarding procedural default and cause and prejudice, at 9-10.

does not satisfy the prejudice requirement. He has not made arguments that evidence "actual and substantial disadvantage." *Id.* at 170, 102 S.Ct. at 1596.[14]

### III. CONCLUSION

For the foregoing reasons, this court finds that petitioner has failed to demonstrate sufficient cause and prejudice to warrant relief from the doctrine of procedural default. His petition for a writ of habeas corpus is due to be dismissed.

An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this 25th day of April, 2000.

_____
United States District Judge

---

[14] Again, the respondents make their case well in brief:

> In other words, Petitioner must show how temporarily excluding the spectators in the audience during the minor prosecutrix's testimony infected his entire trial and actually harmed his defense in a substantial way. For example, did it hamper defense counsel from raising a defense? Did it discourage the minor victim from testifying truthfully? Did it prevent Petitioner from being present and participating in his own defense? No. Petitioner has not even attempted to specifically and concretely demonstrate how he was <u>actually</u> substantially prejudiced.

Respondents' memorandum regarding procedural default, at 24 (emphasis in original).